JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
This is an appeal in which the plaintiff-appellee, Gail P. Johnson, has admitted that she is bound to lose. Johnson was involved in an automobile accident caused by the negligence of an uninsured motorist. She subsequently obtained a judgment against the Hanover Insurance Company of America under the UIM coverage of the commercial automobile policy between Hanover and Johnson's employer. Coverage was presumed to arise by operation of law under the Ohio Supreme Court's decision in Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116.
As counsel for Johnson concedes, however, the holding ofScott-Pontzer was subsequently limited in Westfield Ins. Co.v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. In Galatis, the court held that, absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured- or underinsured-motorist coverage covers a loss sustained by that corporation's employee only if the loss occurs within the course and scope of employment. Id., paragraph two of the syllabus.
Here, counsel for Johnson concedes that her accident occurred outside the course and scope of her employment. Counsel also concedes the binding nature of Galatis on this court and makes no further argument to sustain the trial court's judgment.
Accordingly, pursuant to Galatis, the judgment of the trial court is reversed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.